DELAWARE OYER AND TERMINER, September, 1857. Before *Ransom Balcom*, Justice of the Supreme Court, and *D. A. Bostwick* and *C. H. Bell*, Justices of the Sessions.

## THE PEOPLE *v.* SETH GOODRICH.

Courts of Oyer and Terminer have power to grant new trials, in cases of conviction upon insufficient evidence, or where verdicts have been rendered against evidence; but the power ought not to be exercised except in cases where it was the duty of the court to advise the jury to acquit the defendant, or to inform them that it was unsafe to convict upon the evidence before them.

In cases of doubt, where the evidence is conflicting and the credibility of the witnesses is in question, and no error has been committed by the court in its charge, a new trial will generally be denied.

THE defendant was tried on an indictment which charged him with perjury, in swearing to an affidavit in October, 1856. The evidence was conflicting, and the case was submitted to the jury under a charge from the court to which the defendant's counsel did not except, and the jury found the defendant guilty. The defendant's counsel applied for a new trial on the ground that the evidence was insufficient to sustain the verdict of the jury, and was against evidence.

The motion for a new trial was argued by

*J. Grant* (District Attorney), for the people.

*S. Gordon* and *William Yeomans, Jr.*, for the defendant.

*By the Court*, BALCOM, J. — We entertain no doubt but that Courts of Oyer and Terminer have power to grant new trials to prisoners who have been found guilty upon insufficient evidence, or where verdicts have been rendered against evidence. (*The People* v. *Stone*, 5 *Wend.*, 39; *The People* v. *Morrison*, 1 *Park. Cr. R.*, 625.) But before a Court of Oyer and Terminer ought to exercise this power, the case should be such as to have made it the duty of the court to advise the jury to acquit the defendant, or that it was unsafe for them to convict him.

The case before the court does not quite come up to this standard; in other words, it does not fall within this rule. The evidence was conflicting; and the authorities are, if there be conflicting evidence on both sides, and the question be one of doubt, the verdict will generally be permitted to stand. (*Whart. Cr. L.*, 894, 2d ed.) No fault has been found with the charge of the presiding judge to the jury, touching any question of fact in the case. The jury were told, if they believed the principal witness for the defendant, they ought to find the defendant not guilty; and there were facts and circumstances before them, aside from the peculiar nature of the story told by the witness and his manner of detailing it, which, upon one construction, authorized them to disbelieve him. If no evidence had been given on the part of the defendant, enough was proved to sustain the finding of the jury; and they have found that the evidence for the people was true, and that of the main witness for the defendant false. It was their province to determine the credibility of the witnesses, and their verdict is conclusive upon the defendant.

The condition of the case is such that we must regard the defendant's evidence as out of it, or as false, in determining the defendant's application for a new trial. We cannot, therefore, grant a new trial, although we should have been better satisfied with the action of the jury if they had acquitted the defendant.

Motion for a new trial denied, and the defendant sentenced to imprisonment in the state prison for the term of two years.